UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TINA YOUNG KIM,<br><br>        Plaintiff,<br><br>   v.<br><br>SAFEWAY, INC.,<br><br>        Defendant. | CASE NO. 3:16-cv-05353-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND |

       THIS MATTER comes before the Court on Plaintiff's Motion to Remand (Dkt. 12). The Court has considered the motion, Defendant's Response (Dkt. 15), Plaintiff's Reply (Dkt. 18), and the remainder of the file herein.

       Plaintiff filed the Complaint in Thurston County Superior Court on April 21, 2016. Dkt. 1-1. Defendant Safeway, an out of state corporation, is the sole defendant named in the Complaint, which alleges state law claims of negligence. Dkt. 1-1. Defendant removed the case on May 12, 2016 based on diversity jurisdiction. Dkt. 1 at 3. The Notice of Removal states that "the complaint does not identify the amount claimed but the plaintiff has claimed damages in excess of $75,000." Dkt. 1 at 3.

       Plaintiff's motion raises a narrow issue, namely, whether the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. If not, the case lacks subject matter

jurisdiction, and the case "shall be remanded." § 1332(a). The parties do not dispute diversity of citizenship.

In diversity jurisdiction cases, federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979). "[T]he Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal.... A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992), quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-290 (1938). The party seeking removal bears the burden of establishing by a preponderance of the evidence facts demonstrating that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). "If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567. Courts may consider "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

According to Defendant, Plaintiff's counsel sent a demand letter to Defendant "claiming that Plaintiff sustained a fractured right hip, head trauma, spinal injuries to her neck and back and a right knee injury." Dkt. 16 at ¶2. The letter alleged damages of past medical expenses ($9,524.42), transportation expenses ($255.65), past income loss ($6,573.61), and general

1   damages, including pain and suffering and loss of enjoyment of life ($70,000). *Id*. Based on this

2   showing, Defendant has met its burden to show an amount in controversy over $75,000.

3         Plaintiff's arguments to the contrary are unavailing. The fact that Defendant's showing is

4   "barely over the jurisdictional threshold," Dkt. 18 at 1, is inconsequential; the showing exceeds the

5   minimum. Plaintiff's argument that Plaintiff "revealed the true valuation . . . in Plaintiffs response

6   to request for statement of damages," Dkt. 18 at 1, at best only shows inconsistencies in the case

7   valuation. Defendant's showing is based on the demand letter sent by Plaintiff that Defendant

8   hand at the time of removal, which is the critical point of inquiry. *St. Paul Mercury*, 303 U.S. at

9   289-90.

10        Because Defendant has met its burden to show that the amount in controversy exceeds

11  $75,000, Plaintiff's motion should be denied. The case should not be remanded. The Court notes

12  Plaintiff's declared desire for the case to be sent to arbitration. Unlike local state court rules,

13  arbitration is not required under federal court rules, but the Court expects the parties to make

14  every reasonable effort to settle the case. The Court will entertain measures to assist the parties

15  with that endeavor.

16        THEREFORE, Plaintiff's Motion to Remand (Dkt. 12) is DENIED.

17        IT IS SO ORDERED.

18        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

19  to any party appearing *pro se* at said party's last known address.

20        Dated this 4th day of November, 2016.

                                    ROBERT J. BRYAN
                                    United States District Judge